Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2695 | **DATE** | 7/29/2004 |
| **CASE TITLE** | Somfy, SAS vs. Rollease, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion (10-1) to transfer venue to the District of Connecticut is granted. The Clerk of the Court is directed to transfer the above cause of action to the District of Connecticut. The status hearing and for filing of the joint pretrial order set for 8/9/05 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 3 0 2004 date docketed | 18 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 7/29/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom GL deputy's initials | 2004 JUL 29 PM 1:54 | GL mailing deputy initials | |

Date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SOMFY, SAS, a corporation of France )
formerly known as Somfy SA, )
)
Plaintiff, )
) Case No. 04 C 2695
)
v. )
)
ROLLEASE, INC., )
)
Defendant. )
)

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Somfy, SAS ("Somfy") brought a suit against Defendant Rollease, Inc. ("Rollease") alleging that Rollease infringed on U.S. Patent No. 5,328,113 (the "113 patent") which Somfy holds. On June 14, 2004, the defendant moved to transfer venue to the District Court of Connecticut pursuant to 28 U.S.C. § 1404(a). For the following reasons, Rollease's motion to transfer venue is granted.

## BACKGROUND

Plaintiff Somfy is a multinational corporation headquartered in France. Defendant Rollease is a Delaware corporation with its principal place of business in Stamford, Connecticut. Neither Somfy nor Rollease maintains a place of business or any permanent employees in the state of Illinois. Somfy is the owner of the "113 patent", titled "Device for Winding the Suspension Cord of a Blind". Somfy claims that Rollease manufactures, uses, sells, and offers for sale products which infringe on the "113 patent". These allegedly infringing products, which are referred to as the TS2, the TS2 Horizontal Blind System, and the TS2 Tapered Shaft Life System are used to raise and lower window coverings including blinds and shades.

## ANALYSIS

Rollease requests transfer on grounds that it will be much less burdensome to defend itself in the District of Connecticut. Further, it asserts that the transfer will not place a substantial burden on Somfy. Somfy maintains that the Northern District of Illinois is the most appropriate forum because it has previously litigated the "113 patent" in this district. Somfy also claims that this district is more convenient for its personnel who are parties and witnesses.

Pursuant to 28 U.S.C. § 1404(a), we may, for the convenience of parties and witnesses or in the interest of justice, transfer any civil matter to another district where venue is proper. When ruling on a motion to transfer, we must consider three questions: 1) whether venue is proper in the district where the action was originally filed; 2) whether venue and jurisdiction are proper in the transferee district; and 3) whether the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *Sanders v. Franklin*, 25 F. Supp.2d 855, 857 (N.D. Ill. 1998) (citation omitted). We address each of these factors in turn.

First, Rollease concedes that venue is proper in the Northern District of Illinois because it sold the allegedly infringing product to Illinois residents over the Internet. Venue in patent infringement actions is controlled by 28 U.S.C. § 1400(b), which provides that "any civil action for patent infringement may be brought in the judicial district where the defendant resides..." *Braden Shielding Systems v. Shielding Dynamics of Texas*, 812 F. Supp. 819, 820 (N.D. Ill. 1992). The general venue statute, 28 U.S.C. § 1391(c), establishes that a corporation "resides" in any district whose courts can properly exercise personal jurisdiction over it. *Id.* Rollease does not assert that this court lacks personal jurisdiction over this action. However, we must analyze the issue independently to determine if § 1404(a) is the proper section under which to consider this motion. A court may exercise personal jurisdiction over a defendant who operates an interactive website for the purpose of entering into

contracts for sale with residents of the forum state. *Infosys, Inc. v. Billingnetwork.com, Inc.*, No. 03 C 3947, 2003 U.S. Dist. LEXIS 14808, at *5-6 (N.D. Ill. Aug. 26, 2003) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). Rollease admits that it sold the allegedly infringing product through its website to customers in Illinois. Thus, we may exercise personal jurisdiction over Rollease. Given this determination, venue is proper in the Northern District of Illinois. 28 U.S.C. 1391(c).

Second, venue is proper in the District of Connecticut because Rollease has its principal place of business within the district. *See* 28 U.S.C. § 1391(a)(1) (providing that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State.").

Third, we must consider the factors set forth in 28 U.S.C. § 1404(a), including whether the transfer serves the convenience of the parties and the witnesses as well as the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). "The weighing of the factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* (citations omitted). Courts also give considerable weight to the plaintiff's choice of forum where it is also the plaintiff's home forum. *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993). Finally, the movant (here, the defendant) has the burden of establishing that the transferee forum is clearly more convenient. *Coffey*, 796 F.2d at 219-20. With these considerations in mind, we address each of the statutory factors in turn.

### *Convenience to the Parties*

Neither Somfy nor Rollease has a principal place of business or significant business contacts with the state of Illinois. Rollease is a Delaware corporation based in Stamford, Connecticut. Seventy-three of its seventy-seven employees work at the Stamford location. Rollease does not employ anyone in the state of Illinois nor does it maintain any offices in the state. Both parties concede that the only

3

contact Rollease has with Illinois is its sales to Illinois residents over the Internet. Similarly, Somfy has very tenuous contacts with the state of Illinois. Somfy does not purport to be incorporated, do business, or employ anyone in the state. In fact, the only contact Somfy claims to have with Illinois is that it filed and settled a previous lawsuit concerning the "113 patent" in this district. Somfy also contends that the materials relating to that case are located in Chicago. Somfy concludes that its choice of forum should be given considerable weight. A plaintiff's choice of forum is an important consideration, but its choice "will not defeat a well-founded motion to transfer." *Wen Products, Inc. v. Master Leather, Inc.*, 899 F. Supp. 384, 386 (N.D. Ill. 1995). If, as in this case, the chosen forum lacks any significant connection to the lawsuit, we will accord plaintiff's choice less deference. *Anchor Wall Systems, Inc. v. R&D Concrete Products, Inc.*, 55 F. Supp.2d 871, 874 (N.D. Ill. 1999).

Somfy suggests that transferring this suit to the District of Connecticut would place an unreasonable burden upon its employees who reside in France. Somfy claims that it would be much more expensive for its employees to travel to Connecticut than to Chicago. In support, Somfy reported travel costs exceeding $3,100 per flight from Paris to Connecticut. However, Rollease provided information which demonstrated that similar flights are available at a much lower rate ($2,400 lower) with a simple Saturday night stay. Somfy will have to travel internationally regardless of the venue. In contrast, Rollease would have to travel only if we were to allow the transfer. Any incremental savings for Somfy on flights to Chicago would be incidental compared to the costs that could be avoided for Rollease were we to transfer this action to Connecticut. While we will not allow a transfer if it only shifts the inconvenience and cost from one party to the other, *United States Securities & Exchange Comm'n v. Nat'l Presto Indus.*, No. 02 C 5027, 2004 U.S. Dist. LEXIS 7392, at *7 (N.D. Ill. Apr. 28, 2004) (citation omitted), in this case we can drastically reduce the costs to Rollease without significantly altering Somfy's expenditures. Given the relative convenience to Rollease, and the fact that neither

4

party has any significant business relationship with Illinois, we find this factor to weigh in favor of transfer.

### *Convenience to the Witnesses*

Next, we examine the impact the transfer will have on the potential witnesses. Whether the transfer will impact a party's access to a witness is often viewed as "the most important factor in the transfer balance." *Rose v. Franchetti,* 713 F. Supp. 1203, 1214 (N.D. Ill. 1989). We distinguish between party and non-party witnesses. We assume that both parties will be able to compel all of its employees to testify without issue, regardless of the forum. However, if a proposed witness is not a party to the action, then we must consider how the transfer might impact the ability of the court to compel the witnesses to testify through compulsory process. When considering this factor, we do not merely look to the number of non-party witnesses to be called, but rather also assess the materiality of each individual witness' testimony. *FUL Inc. v. Unified Sch. Dist. No. 204,* 839 F. Supp. 1307, 1312 (N.D. Ill. 1993).

Both Rollease and Somfy plan to call non-party witnesses. Rollease proposes to present a non-party witness who resides in Connecticut, while Somfy intends to present a witness from Illinois. Specifically, Rollease proposes to have the inventor of the allegedly infringing product, Richard Fraczek, testify. Mr. Fraczek, who is no longer employed by Rollease, resides in the District of Connecticut. Somfy wishes to have Dan Van Gelderon, an Illinois resident, testify that he bought the infringing product from Rollease via the Internet. Somfy argues that the transfer would simply shift the inconvenience of the witnesses from one party to another. However, when one considers the materiality of the respective witnesses' testimony, this contention is unpersuasive. The inventor of the allegedly infringing product can testify specifically as to the processes used to invent, design, and manufacture the product -- factors which are likely to be material to this patent suit. In contrast, Somfy has stated that

5

Mr. Gelderon's purpose as a witness will be to testify to the fact that he bought and used the infringing product in the Northern District of Illinois, a fact which is not contested by Rollease. Furthermore, it appears that the sole purpose for this testimony is to establish that this court can exercise personal jurisdiction over Rollease. Given the foregoing, we find the apparent importance of Mr. Fraczek's testimony and this court's desire to insure, when possible, the live presence of a material non-party witness at trial both favor allowing the transfer.

In conjunction with our inquiry into the convenience to the witnesses, we take into account the situs of the material events and the ease of access to sources of proof. *Anchor Wall Systems, Inc.*, 55 F. Supp.2d at 873. Somfy asserts that because the infringing product was bought in this district by at least one customer, the Northern District of Illinois is the proper situs of material events. However, this assertion carries little influence because, as admitted by Rollease, the infringing product was sold nationwide over the Internet. Moreover, Rollease is headquartered in Connecticut and its business operations are located in Connecticut. It is likely that is where the alleged infringing activities occurred. This is sufficient basis for us to determine that the situs of material events is within the District of Connecticut. *The Heil Co. v. Curroto Can Co.*, No. 02 C 782, 2004 U.S. Dist. LEXIS 5183, at *6 (N.D. Ill. Mar. 30, 2004).

Finally, Somfy contends that since it has already defended the "113 patent" in the Northern District of Illinois, it will be easier to access all of the pertinent materials from that case if we deny the transfer. While such an assertion may tip the scale in favor of denying the transfer, we also must acknowledge Rollease's need to access evidence concerning the design, development, marketing, and sales of the allegedly infringing product, all of which reportedly is located in Connecticut. Balancing all of the above, we find this factor favors transfer.

### *Interests of Justice*

The interests of justice factor focuses on the efficient administration of the court system. *Coffey*, 796 F.2d at 221. Factors which contribute to this analysis are the relative familiarity of the courts with the applicable law, the interest a court has in resolving the dispute in its own district, the opportunity to consolidate the suit with other ongoing actions, and the relative caseloads of the two courts. *See, e.g., Anchor Wall Systems, Inc.*, 55 F. Supp. 2d at 875 (taking into consideration a court's familiarity with the applicable law and interest the court has in resolving a dispute); *FUL Inc.*, 839 F. Supp. at 1313 (considering the opportunity to consolidate with other actions); *Tingstol Co. v. Rainbow Sales, Inc.*, 18 F. Supp.2d 930, 934-35 (N.D. Ill. 1998) (assessing the relative caseloads of the two courts).

Considering that this case concerns federal patent law, the District of Connecticut is as capable of resolving this action as this court. Moreover, given that Rollease is based in Connecticut and the plaintiff has minimal connections to Illinois, we can assume that the District of Connecticut has a stronger interest in resolving this case than Illinois does. As discussed earlier, Somfy asserts that we should deny transfer because it has already litigated the "113 patent" in this district. However, the presence of other litigation impacts the transfer decision only when the other suits are ongoing and there is a potential for consolidation. *See, e.g., FUL Inc.*, 839 F. Supp. at 1313.

We are in no better position than a district judge in Connecticut to assess the relevance to the instant action of a prior case brought before a fellow judge in the Northern District of Illinois. As such, the fact that a previous "113 patent" case was adjudicated in this district carries no weight. Finally, when we compare our docket with that of the District of Connecticut, we find the difference in caseloads to be de minimus and not sufficient to overcome the myriad reasons in favor of the transfer.

## CONCLUSION

For the foregoing reasons, the defendant's motion to transfer venue to the District of Connecticut is granted. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 7/29/04

8